UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Briggs & Stratton Corporation,<br>Briggs & Stratton Power Products Group, LLC<br><br>　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>Chongqing RATO Power Co., Ltd; RATO<br>North America; Denver Global Products, Inc.,<br><br>　　　　　　Defendants. | Civil Action No.   5:13-CV-0316 (TJM/ATB)<br><br>**COMPLAINT** |

　　　　Plaintiffs Briggs & Stratton Corporation and Briggs & Stratton Power Products Group, LLC (together, "Briggs & Stratton"), by their attorneys, hereby complains against Defendants Chongqing RATO Power Co., Ltd., Denver Global Products, Inc., and RATO North America, and alleges as follows:

### THE PARTIES

　　　　1.　　Plaintiff Briggs & Stratton Corporation is a corporation organized and existing under the laws of the State of Wisconsin and having a principal place of business at 12301 West Wirth Street, Wauwatosa, Wisconsin, 53222.  Briggs & Stratton is a pioneer in developing, designing, and manufacturing products including lawn and garden powered equipment, gasoline engines, generators, and snow blowers.

　　　　2.　　Briggs & Stratton Power Products Group, LLC ("B&SPPG") is a Delaware limited liability company with a principal place of business at 3300 North 124th Street, Wauwatosa, Wisconsin, 53222.  B&SPPG is a wholly-owned subsidiary of Briggs & Stratton Corporation.

3. Briggs & Stratton has a manufacturing plant within the Northern District of New York, located at 5375 N Main Street, Munnsville, New York 13409. In its Munnsville plant, Briggs & Stratton makes, *inter alia*, its "Ferris" brand, independent suspension ("IS") lawn mowers.

4. Upon information and belief, Defendant Chongqing RATO Power Co. is a corporation organized and existing under the laws of China and having its principal place of business at No. 99 Jiujiang Avenue, Shuangfu District, Chongqing, China. Upon information and belief, Defendant RATO North America is the United States headquarters of Chongqing RATO Power Co. and is a corporation organized and existing under the laws of North Carolina and having its principal place of business at 344 Highway 16N, Denver, North Carolina 28037. Upon Information and belief, Defendant Denver Global Products, Inc., is an independent subsidiary of Chongqing RATO Power Co., exists under the law of the State of North Carolina, and has its principal place of business at 405 N Pilot Knob Road, Denver, North Carolina 28037.

5. Defendants Chongqing RATO Power Co., RATO North America, and Denver Global Products, Inc. will be collectively referred to herein as "RATO."

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, Title 35 of the United States Code.

7. This court had subject matter jurisdiction over the causes of action asserted herein pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201 *et seq*.

8. This court has personal jurisdiction over RATO. On information and belief, RATO has systematic and continuous contacts in this judicial district, regularly transacts business within this district, and regularly avails itself of the benefits of this district. On

information and belief, RATO also sells and distributes products in this district, including the Raven® MPV-710 Lawn Tractor (the "Raven tractor"). Upon information and belief, RATO derives substantial revenues from sales in this district.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(c), and 1400(b).

## FACTUAL ALLEGATIONS

10. On January 28, 2003, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,510,678, entitled "LOAD COMPENSATION ADJUSTMENT IN LAWNMOWER HAVING INDEPENDENT SUSPENSION" (the "'678 patent"). Briggs & Stratton owns the '678 patent, including all rights, title, and interest therein. A true and correct copy of the '678 patent is attached as Exhibit A.

11. On September 19, 2006, the USPTO duly and legally issued United States Patent No. 7,107,746, entitled "MOWER SUSPENSION SYSTEM AND METHOD" (the "'746 patent"). Briggs & Stratton owns the '746 patent, including all rights, title, and interest therein. A true and correct copy of the '746 patent is attached as Exhibit B.

12. At least as early as February 2013, RATO began importing the Raven tractor into the United States, as well as making, using, offering to sell and selling the Raven tractor in the United States. Since then, RATO has continued to import the Raven tractor into the United States, as well as making, using, offering to sell and selling it in the United States.

## COUNT 1: INFRINGEMENT OF THE '678 PATENT

13. Briggs & Stratton realleges paragraphs 1-12 above as if fully set forth herein.

14. RATO has infringed and is infringing the '678 patent in violation of 35 U.S.C. § 271 by, without limitation, making, using, offering to sell, selling, or importing the Raven tractor in the United States. In addition, also in violation of 35 U.S.C. § 271, RATO has actively

induced others to infringe the '678 patent and/or RATO has contributed to the infringement of the '678 patent.

15. Briggs & Stratton has been damaged as a result of RATO's infringing conduct. The Raven tractor competes directly with Briggs & Stratton mowers, including its Ferris IS mowers, and RATO's infringing sales have reduced Briggs & Stratton's sales, including at least sales of Ferris IS mowers, and caused irreparable harm to Briggs & Stratton, including without limitation price erosion and degrading the value of suspension as a premium feature on a premium product. RATO should therefore be enjoined from future infringement and should be ordered to pay damages to Briggs & Stratton that adequately compensates Briggs & Stratton for RATO's infringement of the '678 patent, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Upon information and belief, RATO has been aware of the '678 patent, has had knowledge of the infringing nature of its activities, has had knowledge of the infringing activities of those it has induced and/or to which it has contributed, and has nevertheless continued its infringing activities as well as its inducement and contribution to infringement, which have been and continue to be knowing, willful and deliberate.

17. On information and belief, RATO's infringement of the '678 patent will continue, unless enjoined by this Court. RATO's infringement causes harm to Briggs & Stratton. Thus there is a real and actual controversy between Briggs & Stratton and RATO.

## COUNT II: RATO'S INFRINGEMENT OF THE '746 PATENT

18. Briggs & Stratton realleges paragraphs 1-17 above as if fully set forth herein.

19. RATO has infringed and is infringing the '746 patent in violation of 35 U.S.C. § 271 by, without limitation, making, using, offering to sell, selling, or importing the Raven tractor in the United States. In addition, also in violation of 35 U.S.C. 271, RATO has actively

induced others to infringe the '746 patent and/or RATO has contributed to the infringement of the '746 patent.

20. Briggs & Stratton has been damaged as a result of RATO's infringing conduct. The Raven tractor competes directly with Briggs & Stratton, including its Ferris IS mowers, and RATO's infringing sales have reduced Briggs & Stratton's sales, including at least sales of Ferris IS mowers, and caused irreparable harm to Briggs & Stratton. RATO should therefore be enjoined from future infringement and should be ordered to pay damages to Briggs & Stratton that adequately compensates Briggs & Stratton for RATO's infringement of the '746 patent, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21. Upon information and belief, RATO has been aware of the '746 patent, has had knowledge of the infringing nature of its activities, has had knowledge of the infringing activities of those it has induced and/or to which it has contributed, and has nevertheless continued its infringing activities as well as its inducement and contribution to infringement, which have been and continue to be knowing, willful and deliberate.

22. On information and belief, RATO's infringement of the '746 patent will continue, unless enjoined by this Court. RATO's infringement causes harm to Briggs & Stratton. Thus there is a real and actual controversy between Briggs & Stratton and RATO.

### COUNT III: DECLARATORY JUDGMENT REGARDING IMMINENT INFRINGEMENTS OF THE '678 PATENT

23. Briggs & Stratton incorporates by reference the allegations in paragraphs 1-22.

24. On information and belief, it is expected that RATO will imminently make, use, sell, offer to sell, and/or import the Raven tractor in the United States and in this District, in violation of 35 U.S.C. 271. In addition, on information and belief, RATO will imminently

actively induce others to infringe the '678 patent and/or contribute to the infringement of the '678 patent, in further violation of 35 U.S.C. 271.

26. RATO's imminent infringement of the '678 patent, if not enjoined, will cause irreparable harm to Briggs & Stratton.

26. Thus, an immediate, real, and justiciable controversy exists between Briggs & Stratton and RATO with respect to whether or not RATO will directly and/or indirectly infringe any valid and/or enforceable claims of the '678 patent.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Briggs & Stratton requests a declaration from the Court that any importation, making, using, selling, offering to sell, or importing the Raven tractor in the United States constitutes infringement of one or more claims of the '678 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

## COUNT IV: DECLARATORY JUDGMENT REGARDING IMMINENT INFRINGEMENTS OF THE '746 PATENT

28. Briggs & Stratton incorporates by reference the allegations in paragraphs 1-27.

29. On information and belief, it is expected that RATO will imminently make, use, sell, offer to sell, and/or import the Raven tractor in the United States and in this District, in violation of 35 U.S.C. 271. In addition, on information and belief, RATO will imminently actively induce others to infringe the '746 patent and/or contribute to the infringement of the '746 patent, in further violation of 35 U.S.C. 271.

30. RATO's imminent infringement of the '746 patent, if not enjoined, will cause irreparable harm to Briggs & Stratton.

31. Thus, an immediate, real, and justiciable controversy exists between Briggs & Stratton and RATO with respect to whether or not RATO will directly and/or indirectly infringe any valid and/or enforceable claims of the '746 patent.

32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Briggs & Stratton requests a declaration from the Court that any importation, making, using, selling, offering to sell, or importing the Raven tractor in the United States constitutes infringement of one or more claims of the '746 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

## PRAYER FOR RELIEF

**WHEREFORE**, Briggs & Stratton respectfully requests the following relief:

1. The entry of a judgment in favor of Briggs & Stratton, and against RATO, that RATO has infringed, induced infringement, and contributed to infringement of one or more claims of the '678 patent and declaring that RATO's importing, making, using, offering to sell, or selling the Raven tractor in the United States are and would be acts of infringement of one or more claims of the '678 patent;

2. The entry of a judgment in favor of Briggs & Stratton, and against RATO, that RATO has willfully infringed one or more claims of the '678 patent;

3. The entry of a judgment in favor of Briggs & Stratton, and against RATO, that RATO has infringed, induced infringement, and contributed to infringement of the '746 patent and declaring that RATO's importing, making, using, offering to sell, or selling the Raven tractor in the United States are and would be acts of infringement of one or more claims of the '746 patent;

4. The entry of a judgment in favor of Briggs & Stratton, and against RATO, that RATO has willfully infringed one or more claims of the '746 patent;

5. The entry of a judgment in favor of Briggs & Stratton, and against RATO, that RATO and its officers, employees, agents, attorneys, affiliates, successors, assigns and others acting in privity or concert with it be preliminarily and permanently enjoined from making, using, offering to sell, and selling or inducing or contributing to others to make, use, offer to sell, or sell any product that infringe the '678 patent and/or the '746 patent, including the Raven tractor, and from importing the same into the United States;

6. Entry of a judgment awarding Briggs & Stratton damages resulting from RATO's infringement in an amount no less than a reasonable royalty, and that such amount be multiplied based on RATO's willful infringement;

7. The entry of a judgment declaring that this is an exceptional case and awarding Briggs & Stratton its attorneys fees in this matter pursuant to 35 U.S.C. § 285;

8. The entry of a judgment in favor of Briggs & Stratton, and against RATO, that interest, costs, and expenses be awarded in favor of Briggs & Stratton; and

9. And that this court order such other relief as the Court may deem just and proper.

## JURY DEMAND

Briggs & Stratton hereby demands trial by jury in this action on all issues so triable.

Dated: March 20, 2013

                        ARNOLD & PORTER LLP

By: *(signature)*

Anthony D. Boccanfuso
399 Park Avenue
New York, New York  10022-4690
Telephone:  (212) 715-1000
E-Mail Anthony.Boccanfuso@aporter.com

and

Matthew M. Wolf
Marc A. Cohn
Amy DeWitt
Seth I. Heller
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:  +1 202.942.5000
Facsimile:  +1 202.942.5999
E-Mail:  Matthew.Wolf@aporter.com

Attorneys for Plaintiff