UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRIGGS & STRATTON CORPORATION;
and BRIGGS & STRATTON POWER
PRODUCTS GROUP, LLC,

       Plaintiffs,

   -against-           5:13-CV-0316 (LEK/ATB)

CHONGQUING RATO POWER CO.,
LTD.; RATO NORTH AMERICA; and
DENVER GLOBAL PRODUCTS, INC.,

       Defendants.

**DECISION and ORDER**

**I. INTRODUCTION**

Currently before the Court in this patent infringement action are two Letter Motions from Defendants Chongqing RATO Power Co., Ltd., RATO North America, and Denver Global Products Inc. (collectively, "Defendants"). The First Letter Motion requests: (1) a 60-day extension of time to respond to the Motion for a preliminary injunction filed by Plaintiffs Briggs & Stratton Corp. and Briggs & Stratton Power Products Group, LLC (collectively, "Plaintiffs"); and (2) leave to conduct expedited discovery pursuant to Rule 26(d) of the Federal Rules of Civil Procedure. Dkt. Nos. 27 ("Motion"), 32 ("First Letter Motion"). Plaintiffs generally oppose Defendants' requests but have offered to produce two witnesses for deposition and certain documentary evidence and propose to extend Defendants' time to respond to the Motion until May 10, 2013. Dkt. No. 34 ("Opposition") at 5. In their Reply, Defendants accept Plaintiffs' offer regarding discovery but make a litany of additional discovery requests and ask the Court to extend their time to respond to the Motion until June 11, 2013. Dkt. No. 35 ("Reply") at 6-13. Defendants' Second Letter Motion requests a

telephone conference with the Court to address these discovery issues. Dkt. No. 42 ("Second Letter Motion"). For the following reasons, Defendants' First Letter Motion is granted in part and denied in part, and the Second Letter Motion is denied as moot.

## II.    LEGAL STANDARD

Although such orders are unusual, a court may order expedited discovery where appropriate under a "flexible standard of reasonableness and good cause." Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) (Lynch, J.) (internal quotation marks omitted)); see Pearson Educ., Inc. v. Doe, No. 12 Civ. 4786, 2012 WL 4832816, at *3-4 (S.D.N.Y. Oct. 1, 2012) (collecting cases); Stern v. Cosby, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (Chin, J.); cf. FED. R. CIV. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order."). Expedited discovery is sometimes appropriate in cases "involving requests for a preliminary injunction." Fed. R. Civ. P. 26(d) advisory committee notes to 1993 Amendments. In deciding whether to grant a party leave to conduct expedited discovery, a court should weigh

> the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party, by considering such factors as (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent.

Kone Corp. v. Thyssenkrupp USA, Inc., No. 11-465, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011) (citing Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006)).

**III.    DISCUSSION**

Patent-infringement actions often present complex and highly technical issues, and a decision on a motion for a preliminary injunction requires some consideration of the merits. See Winter v. National Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . . ."); Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 34-38 & n.9 (2d Cir. 2010) (holding that a plaintiff seeking a preliminary injunction may show "sufficiently serious questions going to the merits to make them a fair ground for litigation" instead of a likelihood of success on the merits). Moreover, the patents at issue here are used in lawn mowers, and Plaintiffs' Motion for a preliminary injunction preventing Defendants from selling mowers that allegedly infringe Plaintiffs' patents comes at the brink of the "peak mower-buying months" of the year. Opp. at 1. Defendants therefore stand to suffer if they lack sufficient information to mount an opposition to Plaintiffs' Motion.

At the same time, however, Defendants' discovery requests would tackle the merits so broadly as to advance the case-in-chief to the preliminary injunction hearing, and Defendants' request for an adjournment of the hearing would delay resolution of the Motion until well into or even after the mower-buying season, thereby severely diminishing the benefit to Plaintiffs of the injunction should Plaintiffs' Motion be granted. See generally First Letter Mot.; Reply. Plaintiffs have volunteered the following discovery: (1) deposition, on May 2 and 3, 2013, of the two individuals who provided the substantive testimony Plaintiffs have submitted in support of their Motion; and (2) by April 26, 2013: (a) marketing documents from the past three years for the lawn mowers identified in the Motion; and (b) engineering drawings from 2004 and earlier to illustrate

prior art and reduction to practice of the relevant patents. Opp. at 5. In light of this discovery, Plaintiffs have suggested that the due date for Defendants' papers in opposition to the Motion be rescheduled to May 10, 2013. Id.

The Court finds that Plaintiffs' proposed discovery is reasonably calculated in light of the circumstances to provide Defendants with ammunition for their opposition to the Motion and that Defendants' requests for discovery and adjournment in excess of that offered by Plaintiffs are overbroad at this stage of the litigation and would unduly delay resolution of the Motion. Any burden to Plaintiffs resulting from the discovery and revised briefing schedule is one that Plaintiffs have shouldered voluntarily. The Court therefore orders that Plaintiffs provide the discovery they have offered to Defendants and that Defendants' response to Plaintiffs' Motion is due by May 10, 2013, and any reply thereto by Plaintiffs is due by noon on May 14, 2013.[1] Because the Court so orders discovery, Defendants' Second Letter Motion requesting a telephone conference to discuss the discovery requests is denied as moot.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' First Letter Motion (Dkt. No. 32) is **GRANTED in part** and **DENIED in part** consistent with this Decision and Order; and it is further

**ORDERED**, that Defendants' Second Letter Motion (Dkt. No. 42) is **DENIED**; and it is further

**ORDERED**, that Defendants' response, if any, to Plaintiffs' Motion (Dkt. No. 27) for a

---

[1] This Decision and Order supersedes the briefing schedule set out in the Court's Text Order of April 23, 2013. Dkt. No. 41.

preliminary injunction is due by May 10, 2013, and that Plaintiffs' reply, if any, is due by noon on May 14, 2013; and it is further

**ORDERED**, that the hearing on Plaintiffs' Motion (Dkt. No. 27) for a preliminary injunction will be held on Wednesday, May 15, 2013, in Courtroom 1 of the James T. Foley U.S. Courthouse in Albany, New York, at 11:00 A.M. or as soon thereafter as the parties may be heard; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:     April 25, 2013
           Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge