**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRIGGS & STRATTON CORPORATION,
BRIGGS & STRATTON POWER
PRODUCTS GROUP, LLC,

        Plaintiffs,

    v.

CHONGQING RATO POWER CO., LTD.;
RATO NORTH AMERICA; DENVER
GLOBAL PRODUCTS, INC.,

        Defendants.

Civil Action No. 5:13-CV-316 (LEK/ATB)

Hon. Lawrence E. Kahn

DENVER GLOBAL PRODUCTS, INC.,

        Counterclaimant,

    v.

BRIGGS & STRATTON CORPORATION,
BRIGGS & STRATTON POWER
PRODUCTS GROUP, LLC,

        Counterdefendants.

## ANSWER TO CORRECTED COUNTERCLAIMS

Plaintiffs-Counterdefendants Briggs & Stratton Corporation and Briggs & Stratton Power Products Group, LLC (together, "Briggs"), by their attorneys, hereby answer the corrected counterclaims (Dkt. No. 68) of Defendant-Counterclaimant Denver Global Products, Inc. ("RATO") as follows:

2178564.1

## NATURE OF THE ACTION

1.      Briggs admits that RATO purports to bring counterclaims for false advertising and unfair and deceptive trade practices under § 43 of the Lanham Act, 15 U.S.C. § 1125(a), and certain state laws and denies all other allegations of Paragraph 1 of the Corrected Counterclaims.

## THE PARTIES

2.      Upon information and belief, Defendant Chongqing RATO Power Co. is a corporation organized and existing under the laws of China and having its principal place of business at No. 99 Jiujiang Avenue, Shuangfu District, Chongqing, China.  Upon information and belief, Defendant RATO North America is the United States headquarters of Chongqing RATO Power Co. and is a corporation organized and existing under the laws of North Carolina and having its principal place of business at 344 Highway 16N Denver, North Carolina.  Upon Information and belief, Defendant-Counterclaimant Denver Global Products, Inc., is an independent subsidiary of Chongqing RATO Power Co., exists under the law of the State of North Carolina, and has its principal place of business at 1000 E. Powell Drive, Lincolnton, North Carolina.  Briggs and Stratton lacks sufficient information to admit or deny the remaining allegations of Paragraph 2 of the Corrected Counterclaims and on that basis denies those allegations.

3.      Briggs admits the allegations of paragraph 3 of the Corrected Counterclaims.

4.      Briggs admits the allegations of paragraph 4 of the Corrected Counterclaims.

5.      Paragraph 5 of the Corrected Counterclaims does not appear to assert any allegations.  To the extent Paragraph 5 is intended to assert any allegations, they are denied.

2178564.1

## JURISDICTION AND VENUE

6. Briggs admits that the Court has jurisdiction over the Corrected Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1337, 1338, & 1367, and 15 U.S.C. § 1051, *et seq.* However, Briggs denies that the Court has subject matter jurisdiction at least because RATO lacks standing to bring the Corrected Counterclaims. All other allegations of Paragraph 6 of the Corrected Counterclaims are denied.

7. Briggs admits that the Court has personal jurisdiction over it for purposes of the Corrected Counterclaims. Briggs admits that it manufactures some of its lawn mowers in this district at a plant located at 5375 N. Main Street, Munnsville, New York 13409. All other allegations of Paragraph 7 of the Corrected Counterclaims are denied.

8. Briggs admits that venue is proper in this Court for purposes of the Corrected Counterclaims and that the Court has personal jurisdiction over Briggs for purposes of the Corrected Counterclaims. All other allegations of Paragraph 8 of the Corrected Counterclaims are denied.

## COUNT I – FALSE ADVERTISING (Lanham Act)

9. Briggs denies all the allegations of Paragraph 9 of the Corrected Counterclaims except as expressly admitted in paragraphs 1-8 above.

10. Briggs denies all the allegations of Paragraph 10 of the Corrected Counterclaims.

11. Briggs admits that some of its mowers are sold under the brand name "Ferris." Briggs' advertising materials and its website speak for themselves. Briggs denies all remaining allegations in Paragraph 11 of the Corrected Counterclaims.

12. Briggs admits that U.S. Patent No. 3,719,371 was cited during the prosecution history of U.S. Patent No. 7,107,746. Briggs admits that U.S. Patent No. 7,708,292 purports to

2178564.1

be assigned to Bad Boy, Inc.  Briggs further admits that Bad Boy, Inc., is a manufacturer of riding mowers.  Briggs denies all other allegations in Paragraph 12 of the Corrected Counterclaims.

13. Briggs' advertising materials and its website speak for themselves.  Briggs denies all remaining allegations in Paragraph 13 of the Corrected Counterclaims.

14. Briggs denies all the allegations of Paragraph 14 of the Corrected Counterclaims.

15. Briggs denies all the allegations of Paragraph 15 of the Corrected Counterclaims.

16. Briggs admits that it alleges in the Complaint that the RAVEN tractor competes directly with Briggs' mowers, including Ferris IS® mowers.  Briggs denies all other allegations of Paragraph 16 of the Corrected Counterclaims.

17. Briggs denies all the allegations of Paragraph 17 of the Corrected Counterclaims.

18. Briggs denies all the allegations of Paragraph 18 of the Corrected Counterclaims.

19. Briggs denies all the allegations of Paragraph 19 of the Corrected Counterclaims.

### COUNT II – FALSE ADVERTISING (State Law Claims)

20. Briggs denies all the allegations of Paragraph 20 of the Corrected Counterclaims except as expressly admitted in paragraphs 1-19 above.

21. Briggs denies all the allegations of Paragraph 21 of the Corrected Counterclaims.

22. Briggs denies all the allegations of Paragraph 22 of the Corrected Counterclaims.

23. Briggs denies all the allegations of Paragraph 23 of the Corrected Counterclaims.

24. Briggs denies all the allegations of Paragraph 24 of the Corrected Counterclaims.

25. Briggs denies all the allegations of Paragraph 25 of the Corrected Counterclaims.

2178564.1

## AFFIRMATIVE DEFENSES

1. Each of the Corrected Counterclaims is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

2. RATO lacks standing to assert the Corrected Counterclaims.

3. Each of the Corrected Counterclaims is barred, in whole or in part, because the commercial speech of Briggs was not false or misleading and is protected under the First Amendment of the United States Constitution and under the Constitutions of New York, North Carolina, and Wisconsin.

4. Each of the Corrected Counterclaims is barred, in whole or in part, by the equitable doctrine of laches.

5. Each of the Corrected Counterclaims is barred, in whole or in part, by the equitable doctrine of unclean hands.

6. Each of the Corrected Counterclaims is barred, in whole or in part, by the equitable doctrine of estoppel.

7. Each of the Corrected Counterclaims is barred, in whole or in part, by the equitable doctrine of waiver.

8. Each of the Corrected Counterclaims is barred, in whole or in part, by the applicable statutes of limitations.

9. Each of the Corrected Counterclaims based on state law is preempted, in whole or in part, by federal law.

10. Each of the Corrected Counterclaims is barred, in whole or in part, because Briggs' alleged actions are protected by the privilege of competition in that Briggs did not use wrongful means to advance a legitimate interest in competing in the free market.

2178564.1

11. Briggs' business and advertising practices are not unfair, unlawful, deceptive, fraudulent, or otherwise within the scope of New York Gen. Bus. Law §§ 349-350, North Carolina General Statutes § 75-1.1, and/or Wisconsin Stat. § 100.10 in that the practices, if any, were justified because they were made in a good faith effort to protect Briggs' legitimate business interests.

12. Each of the Corrected Counterclaims is barred, in whole or in part, because RATO did not rely on any marketing or advertising by or on behalf of Briggs.

13. To the extent that any of Briggs' statements alleged by RATO to be untrue or misleading are deemed or are proven to be untrue or misleading (which Briggs denies), then each of the Corrected Counterclaims is barred, in whole or in part, because Briggs had no intention or knowledge, nor any reasonable grounds to know, that any such activities were untrue or misleading.

14. To the extent that any of Briggs' statements alleged by RATO to be untrue or misleading are deemed or are proven to be untrue or misleading (which Briggs denies), then each of the Corrected Counterclaims is barred, in whole or in part, because Briggs at all times acted in good faith and did not directly or indirectly perform or induce any act whatsoever that would constitute a violation of any rights of RATO or a breach of any duty owed to RATO.

15. Each of the Corrected Counterclaims is barred, in whole or in part, because RATO has not suffered injury in fact.

16. Each of the Corrected Counterclaims is barred, in whole or in part, because RATO would be unjustly enriched by recovery against Briggs.

17. Each of the Corrected Counterclaims is barred, in whole or in part, because Briggs' marketing and/or advertising was true and not likely to mislead.

18. RATO's damages, if any, were proximately caused by unforeseeable, independent, intervening and/or superseding acts beyond the control and unrelated to any actions or conduct of Briggs.

19. RATO's request for equitable relief is barred because RATO has an adequate remedy at law.

## DEMAND FOR JURY TRIAL

20. Briggs hereby demands a jury trial for all issues so triable in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Briggs respectfully requests:

1. that Briggs be granted the relief requested in Briggs' Complaint;

2. that RATO's Corrected Counterclaims be dismissed with prejudice, and a take-nothing judgment be entered in favor of Briggs;

3. that the Court declare this case exceptional and award Briggs its reasonable attorneys fees pursuant to 15 U.S.C. § 1117(a) and relevant state law;

4. that Briggs be awarded its costs;

5. that Briggs be awarded such other and further relief as the Court deems just and equitable.

Dated: July 5, 2013

ARNOLD & PORTER LLP

By: s/Matthew M. Wolf (with consent)
  Matthew M. Wolf (*pro hac vice*)
  Marc A. Cohn (*pro hac vice*)
  Amy DeWitt (*pro hac vice*)
  Seth I. Heller (*pro hac vice*)
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: +1 202.942.5000
Facsimile: +1 202.942.5999
E-mail: Matthew.Wolf@aporter.com
E-mail: Marc.Cohn@aporter.com
E-mail: Amy.DeWitt@aporter.com
E-mail: Seth.Heller@aporter.com

- and -

BOND, SCHOENECK & KING, PLLC

By: s/Edward R. Conan
  Edward R. Conan (101387)
  Lucy S. Clippinger (518040)
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
E-mail: econan@bsk.com
E-mail: lsclippinger@bsk.com

Attorneys for Plaintiffs

2178564.1

## CERTIFICATE OF SERVICE

I, hereby certify that on July 5, 2013, I caused the **ANSWER TO CORRECTED COUNTERCLAIMS** to be electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

>Jeffrey M. Olson, Esq.
>Samuel N. Tiu, Esq.
>Matthew S. Jorgenson, Esq.
>Erik J. Carlson, Esq.
>SIDLEY AUSTIN LLP
>555 West Fifth Street, Suite 4000
>Los Angeles, California  90013
>
>Kevin E. Huslander, Esq.
>SMITH, SOVIK, KENDRICK & SUGNET, P.C.
>250 South Clinton Street, Suite 600
>Syracuse, New York  13202
>
>Attorneys for Defendants
>CHONGQUING RATO POWER CO., LTD., RATO
>NORTH AMERICA, and DENVER GLOBAL
>PRODUCTS, INC.

>>By:  s/Edward R. Conan
>>     Edward R. Conan (101387)

2178564.1